(No. 1167—Claimant awarded $1,359.00.)

JOSEPH BRYAN, Claimant, *vs*. STATE OF ILLINOIS, Respondent.

*Opinion filed May 26, 1927.*

ILLINOIS & MICHIGAN CANAL—*State not liable for overflow of water from.* This case is controlled by the decision of the court in the case of *Illinois Traction Co.* v. *State, supra.*

MILLS, RICHARDSON & HELFFRICH, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

The declaration filed in this case alleges that on September 23, 1926, claimant was and from thence hitherto has been and still is, lawfully possessed of about sixty acres of land, located in Section 9, Township 33, North, Range 3, East of the 3rd P. M., in LaSalle county, Illinois, lying on the two path side of the Illinois and Michigan canal and located immediately south thereof; that plaintiff was possessed of said real estate by virtue of a lease entered into between him and the Ottawa Silica Company, of Ottawa, Illinois, as tenant thereon for a term of years at an annual rental of $10.00 per acre; that said real estate is tilled and farmed, there being raised thereon field corn, alfalfa and such other crops as are usually grown and raised on farms; that the State of Illinois was possessed of, owned, operated, maintained and continued a certain canal or waterway, known as the Illinois and Michigan canal, along the north side or line of said real estate, which canal or waterway is of the width of fifty feet and of the length of 100 miles; that defendant wrongfully, negligently and carelessly permitted and allowed the banks of said canal

or waterway to become unsafe, weak and defective, and wrongfully, negligently and carelessly failed to keep and maintain said banks of said canal or waterway in a safe and proper condition; that by reason thereof, on to-wit: September 23, 1926, the south bank of said canal or waterway, known and described as the Illinois and Michigan canal, gave way, burst and opened at a point approximately 500 feet east of the west line of said premises of claimant and thereby admitted and caused the flow of large quantities of water, which naturally flowed in and through said canal, over, upon and across and into the said lands and premises of the said claimant and there remained, and thereby greatly injured, damaged and destroyed the growing crop of field corn and alfalfa of claimant, to-wit: Thirty acres of field corn and four acres of alfalfa of the value of $1,239.00. Attached to said declaration and made a part thereof is an itemized statement of the grain and crops for which damages are claimed.

The demurrer filed by the Attorney General of the State of Illinois, is sustained as a matter of law.

While there is no legal liability on the part of the State of Illinois to reimburse claimant on account of the losses above enumerated, in equity and good conscience we feel that he should receive some remuneration for the loss of a large percentage of his year's crops, which of course, comprise to a large extent the income from which a tenant farmer earns his livelihood, and we accordingly award claimant the sum of $1,359.00.